```
                                                USDC SDNY
                                                DOCUMENT
                                                ELECTRONICALLY FILED
                                                DOC#: _____
                                                DATE FILED:  12/15/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
**ELVIS JIMENEZ-CASTRO,**

                        **Plaintiff,**

                        **20-cv-09210 (ALC)**

    -against-

                        **ORDER**

**GREENWICH INSURANCE COMPANY,**

                        **Defendant.**
------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

If there is a basis for federal jurisdiction, a defendant may remove a case from state to federal court. Under 28 U.S.C. 1332(a), federal jurisdiction exists by virtue of diversity of citizenship if the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. A defendant must remove the case within 30 days of receiving an initial pleading, or some other paper, from which the defendant may ascertain that federal jurisdiction exists.

In June 2020, in the Supreme Court of the State of New York, Bronx County, plaintiffs filed a personal injury action related to a motor vehicle accident. In the complaint, plaintiffs not only set forth that the plaintiff and defendant were citizens of different states, but also explicitly stated that the amount of damages sought exceeded the amount established in 28 U.S.C. 1332(a), specifically referencing the federal statute.

Although the defendants received the complaint on September 25, 2020, they waited until November 3, 2020 to file a notice to remove this action to this Court (the "Notice"). ECF No. 1. On November 12, 2020, the Court issued an Order to Show Cause why the case should not be dismissed due to Defendant's untimely removal. The Court intended and the parties understood

1

this to be an Order to Show Cause why the case should not be *remanded* to state court pursuant to 28 U.S.C. § 1447(c). The plaintiff responded to the OSHOW on December 1; the defendant, December 3. Since the complaint laid out the citizenship of the parties and specifically referenced the minimum amount in 28 U.S.C. § 1332(a), as of September 25, the defendant was on notice that the case could be removed. The defendant removed too late; the Court remands this case.

## BACKGROUND

Plaintiff Elvis Jimenez-Castro (hereinafter, "Plaintiff" or "Mr. Jimenez-Castro") commenced a state court action against Defendant on or after June 26, 2020 "seeking underinsured motorist benefits under a policy of insurance issued by defendant for damages arising out of a motor vehicle accident." Notice ¶¶ 2, 4. While the Notice does not explicitly state when Defendant was served with the Verified Complaint and Summons, Exhibit A attached to the Notice contains the Verified Complaint and Summons along with a letter from the Department of Financial Services ("DFS") dated September 16, 2020 stating that "Attorney for Plaintiff(s) is hereby advised of acknowledgment of service upon this Department Summons and Verified Complaint . . . on August 28, 2020." Notice, Ex. A at 2. The letter also states, "Persuant [sic] to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed." *Id.* The letter includes a stamped date of September 25, 2020. *Id.* Thus, while it appears that Defendant was served via its statutory agent on August 28, 2020, it appears that it received the Verified Summons and Complaint on September 25, 2020 at the latest.

Defendant asserts that this action is "one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441." Notice ¶ 6. Defendants

2

allege that there "is complete diversity of citizenship between the plaintiff and the defendant," *id.* ¶ 6, as Plaintiff is a citizen of New York and Defendant is a corporation "created under the laws of . . . Delaware" and maintains "its principal place of business within . . . Connecticut," *id* ¶ 3. As to the amount in controversy, Defendant asserts that "plaintiff's complaint and addendum demand an amount in excess of the lower courts jurisdictional limits. As such, the amount in controversy in this suit is in excess . . . of $75,000 and plaintiff is unwilling to cap damages at $75,000." Notice ¶ 2.  Defendant also asserts that "[t]his motion is filed within thirty (30) days of defendant-petitioner GREENWICH INSURANCE COMPANY determining that plaintiff is seeking damages in excess of $75,000 [and] [t]o date plaintiff's counsel has not agreed to cap damages to $75,000." *Id.* ¶ 8.

In Plaintiff's Verified Complaint, Plaintiff alleged as follows:

> [T]he defendants are liable to the plaintiff in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.[1]
>
> [P]laintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interests and costs.

Notice, Ex. A at 18.

## DISCUSSION

The Court will first address the threshold question of whether it may remand the case absent a motion from Plaintiff. The Second Circuit has held that a court can remand a case *sua sponte* under two circumstances pursuant to 28 U.S.C. § 1447(c). A district court can remand *sua sponte* on procedural grounds within thirty (30) days of the filing of the notice of removal. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (citing

---

[1] The wherefore clause in the Complaint contains similar language. Notice, Ex. A at 18.

*Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993)). A district court can also remand *sua sponte* at any time if the district court finds that it lacks subject matter jurisdiction. *Id*. In this case, the Court finds that remand is proper on procedural grounds, as Defendant did not remove the case until 39 days after Defendant received the Verified Complaint and Summons. Since the Court issued its Order to Show Cause within thirty (30) days of the filing of the notice of removal, the Court can remand the case for untimely removal, a procedural ground. *See, e.g.*, *JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 75 (2d Cir. 2019) (summary order)("Although [grounds for remand] are both undoubtedly procedural . . . and thus fall within § 1447(c)'s 30-day limit, we conclude that requirement was satisfied" because "[t]he district court asked [defendant] to show cause why his case should not be remanded to the district court *one day* after his notice of removal was filed.") (emphasis in original); *see also Cassara v. Ralston*, 832 F. Supp. 752, 753 (S.D.N.Y. 1993) (Sotomayor, D.J.) (noting that the motion for remand had been brought *sua sponte* by Order to Show Cause).

    **I.**       **Removal is Untimely Under 28 U.S.C. § 1446(b).**

Section 1446(b) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). It is well established that a case is removable and the 30-day removal clock begins to run when a defendant can "intelligently ascertain removability from the face of [the initial] pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001)

4

(quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997) (internal quotation marks omitted). In a diversity case, "[a] pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition" including "the amount in controversy and the address of each party." *Id.* (internal citations and quotation marks omitted). The Second Circuit has expounded upon the rule in *Whitaker* and joined the Eighth Circuit in holding that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

While Defendant was served through DFS pursuant to N.Y. Insurance Law § 1212 on August 28, 2020, Notice, Ex. A at 2, the removal clock did not begin to run until September 25, 2020, when Defendant received Plaintiff's Summons and Verified Complaint. *See Moran v. Trans States Airlines, LLC*, 20-cv-6155, 2020 WL 5912391, at *3 (S.D.N.Y. Oct. 6, 2020) (service on defendant's statutory agent does not trigger the 30-day removal period); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed. 2020) (noting that time for removal begins to run when defendant or designated agent receives notice via service). Thus, Plaintiff had until October 26, 2020 to file a notice of removal pursuant to 28 U.S.C. § 1446(b), and its removal over a week later was untimely.[2]

In Defendant's response to this Court's Order to Show Cause, Defendant argues that "the verified complaint on its face is ambiguous and fails to establish grounds for removal." ECF No. 7 at 1. More specifically, Defendant asserts that the allegations in the Verified Complaint related

---

[2] The Court previously mistakenly stated that the 30-day removal period began to run on September 16, 2020, when DFS mailed Defendant a copy of the Summons and Verified Complaint. ECF No. 4. Either way, removal is untimely.

5

to damages quoted above are "contrary to each other as the jurisdictional limit of lower courts is different from the sum established by 28 U.S.C. § 1332(a)." *Id.*

Defendant's argument is without merit. As a preliminary matter, the New York CPLR requires that "[i]n an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Furthermore, "[i]f the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id.* Thus, the first paragraph related to damages quoted above is statutorily required as the action was brought in Bronx County Supreme Court. The jurisdictional limit of all the lower courts in New York is $25,000. *Siemion v. BJ's Wholesale Club Inc.*, 2:19-cv-855, 2019 WL 3561896, at *2 (E.D.N.Y. Aug. 6, 2019) (citing N.Y. Const. Art. VI, § 11(a)).

The amount-in-controversy requirement established by 28 U.S.C. § 1332(a) is $75,000. Thus, the second paragraph related to damages in the complaint flags for Defendant that Plaintiff believes that it is entitled to damages over $75,000. The two paragraphs are not, as Defendant asserts, in contradiction to each other. While the Verified Complaint does not state a specific amount (which is proscribed by the CPLR), Defendant can intelligently ascertain removability, including the fact that Defendant is seeking over $75,000.

Although decided on other grounds, Judge Woods recently analyzed a similar issue in *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 367-68 (S.D.N.Y. 2020).[3] That case involved a

---

[3] *Almonte* held that the case was removed when the notice of removal was filed with the federal court, and that the failure to file the notice of removal in state court by a certain date did not render the removal ineffective. The Court would like to issue a word of caution with regards to Judge Woods's statement in *Almonte* that "[i]n this Circuit, a federal court obtains jurisdiction when the notice of removal is filed with the federal court" and his statement that this Court's decision in *Hardman v. Bristol-Myers Squibb Co.*, No. 18-cv-11223, 2019 WL 1714600 (S.D.N.Y. Apr. 17, 2019) is "an outlier." *Almonte*, 462 F. Supp. 3d at 365, n.2. In *Hardman*, this Court quoted *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-cv-6775, 2013 WL 1288194, at *2 (D.N.J. March 25, 2013) for the proposition that until all three Section 1446(d) requirements are satisfied "the action is not removed and the federal court does not

motion to remand where the state court complaint included the allegation that "[P]laintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein *and that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction….*" *Id.* at 367 (alterations and emphasis in original). Judge Woods observed that this language was "somewhat sly" because "without a red flag reference to 'federal courts' or an amount in excess of $75,000, a defendant's lawyer might glaze over the apparent boilerplate [language] and fail to recognize that this language may trigger the [removal] clock." *Id.*

The defendant in *Almonte* argued that the removal clock did not begin to run because the complaint did not state a specific amount of damages as required by *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Since *Almonte* was decided on other grounds, Judge Woods didn't decide the issue, but he stated that *Moltner* "add[ed] [the] requirement . . . that a plaintiff must explicitly disclose a specific amount, rather than requiring only that a plaintiff explicitly

---

have jurisdiction." *Hardman*, 2019 WL 1714600, at *3 (internal quotation marks omitted). Judge Woods considers *Hardman* to be an outlier because it relies on *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996), an Eighth Circuit decision, as opposed to the leading case in the Second Circuit, *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227-28 (2d Cir. 1971).

However, *Echevarria* supports this Court's decision in *Hardman*. In *Echevarria*, the petitioner had trouble with all three 1446(d) requirements. *Echevarria*, 441 F.2d at 227. The *Echevarria* court did not hold that the requirements of serving the opposing party and filing the petition for removal with the state court did not need to be fulfilled for the federal court to obtain jurisdiction over the case. Rather, the Court analyzed the petitioner's efforts to meet these requirements and found that these two requirements had been met; thus the federal court had jurisdiction over the case. *Id*. In terms of the requirement to provide notice to the opposing party, the court held that "where petitioner attempted to give notice and the fact of removal was actually brought to the attention of the district attorney, a holding that a technical defect in the notice should preclude removal would give unjustified importance to a largely formal requirement." *Echevarria*, 441 F.2d at 227.

And in terms of the requirement to file the petition for removal with the state court, the court noted that "petitioner gave his petition directly to the state judge rather than filing it with the clerk of the state court [and] [t]he trial judge willingly accepted the petition that was handed up to him." *Id.* Because all three 1446(d) requirements were met, the court concluded that the state court was deprived of jurisdiction to conduct a trial. *Id.* The primary, non-controversial holding in *Echevarria* is that it was error for the state court to proceed with the trial before the federal court decided whether or not to remand the case where the state court had actual notice of the removal petition. *Id*. This Court's reading of *Echevarria* is supported by that court's quotation of *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F. Supp. 434, 437 (S.D. Tex. 1962), *aff'd* 325 F.2d 206 (5th Cir. 1963), which Judge Woods also quotes: "The apparent reason [for filing the petition for removal with the clerk of the state court] is to inform the state judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." *Id*. Petitioner's compliance with the purpose of the requirements was sufficient to comply with the formal requirements, albeit imperfectly. *Id.*

7

disclose that she 'is seeking damages in excess of the federal jurisdictional amount.'" *Almonte* at 367-68.

I respectfully disagree.

In *Moltner,* the defendant received a complaint, containing a description of the plaintiff's injuries, but failing to explicitly state the damages sought. The plaintiff argued that "[the defendant], applying a reasonable amount of intelligence" to its reading of the complaint, should have deduced from the complaint's description of her injuries that the amount in controversy would exceed $75,000. *Id* at 37.

The circuit declared, "We join the Eighth Circuit, as well as all of the district courts in this Circuit to have addressed the issue, in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought. *See In re Willis,* 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) ('We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'); *Quintana v. Werner Enters, Inc.*, No. 09 Civ 7771, 2009 U.S. Dist LEXIS 105861, 2009 WL 3756334 (S.D.N.Y. Nov. 2, 2009); G*ourgue v. Red Lobster Rest.*, No. 07-3072, 2008 U.S. Dist LEXIS 121657, 2008 WL 822129 (E.D.N.Y. Mar. 26, 2008); *Pinson v. Knoll, Inc.*, No. 07 Civ. 1739, 2007 U.S. Dist LEXIS 44201, 2007 WL 1771554 (S.D.N.Y. June 18, 2007); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149 (W.D.N.Y. 2005)." *Moltner* at 38.

The confusion springs from the phrase "explicitly specifies the amount of damages sought." *Id.* The phrase could mean that the paper served on the defendant must explicitly state a specific amount of damages sought, or it could mean that the paper must explicitly identify

8

damages sought (rather than leaving defendants to guess if federal jurisdiction applies), understanding that "damages sought" does not require reporting any specific number, as long as plaintiff seeks damages establishing federal jurisdiction. *Moltner* and the cases cited by Judge Woods in *Almonte*, hew to the latter interpretation.[4]

In a removal petition, a defendant is not required to state the *exact* amount of damages that the plaintiff seeks, but the defendant must state, with good faith, its belief that the plaintiff is seeking enough money to establish federal jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). ("In sum, as specified in 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." ).

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Moltner* at 37, quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206. If federal jurisdiction is ascertainable from the face of the initial pleading, a defendant may not wait more than 30 days after receiving the document to remove the action.  28 U.S.C. § 1446(b).

---

[4] *See, e.g., Pinson v. Knoll, Inc.*, No. 07-cv-1739, 2007 WL 1771554, at *3 (S.D.N.Y. 2007) (finding statement that "Plaintiff's claim herein is not expected to exceed the sum of $3.5 million" to be "clear on its face" and "put[ting] Defendant on notice that the case is likely removable, as the stated figure exceeds the statutory requirement of $75,000"). In a more recent case in the Class Action Fairness Act context, the Second Circuit has clarified that "[u]nder the *Moltner* standard, defendants must still apply a reasonable amount of intelligence in ascertaining removability," *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (quoting *Whitaker*, 261 F.3d at 206) (internal quotation marks omitted), and noting that "[s]ince we decided *Moltner*, at least three of our sister circuits have *also* adopted a rule requiring that the initial pleading or other subsequent paper contain an 'unequivocal statement from the plaintiff regarding the damages sought' to trigger the removal clocks of 28 U.S.C. §§ 1446 (b)(1) and (b)(3)." *Id.* at 143-44 (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)) (emphasis added). The *Cutrone* court held that in CAFA cases the 30-day removal clock is not triggered "until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy in excess of $5,000,000 can be ascertained." *Cutrone*, 749 F.3d at 145.

In *Moltner*, the plaintiffs complaint neither stated a numerical value of damages nor referenced any federal statute. *Moltner* rebuffed the notion that the defendants were required to evaluate the plaintiff's description of injuries to surmise whether the plaintiff was seeking damages in excess of $75,000. *Moltner* at 38. ("We further find that a bright line rule is preferable to the approach [plaintiff] advocates. Requiring a defendant to read the complaint and guess the amount of damages that plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation.").

Thus *Moltner* stands for the proposition that the plaintiff's request for damages, satisfying the minimum required for federal jurisdiction, should be explicitly stated by the plaintiff, instead of divined by the defendant. While the Second Circuit used different words, in context, *Moltner's* language is simply an elegant variation of the Eighth Circuit's language—the holding is the same.

In this case, by stating that the damages exceeded the amount elaborated in 28 U.S.C. § 1332(a), the plaintiff's complaint explicitly specified that the damages sought met the minimum threshold for federal jurisdiction. Furthermore, the language used in the Verified Complaint is not the kind of "sly" drafting that Judge Woods was concerned about. Unlike in *Almonte*, the allegations related to damages allude to federal courts by virtue of their reference to 28 U.S.C. § 1332 and are plainly visible at the end of the Verified Complaint. Defendants failed to remove the case within 30 days of receiving the complaint.

## CONCLUSION

For the reasons discussed herein, this case is hereby remanded.

**SO ORDERED.**

**Dated: December 15, 2020**
**New York, New York**

                                                                  **/s/ Andrew L. Carter, Jr.**
                                                                   **ANDREW L. CARTER, JR.**
                                                                   **United States District Judge**